DowNeyJudge,

delivered the opinion of the court:
The plaintiff sues for $4,000.00 of $9,128.64, the amount of a claim filed by him and allowed by the auditor, said sum of $4,000.00 having been withheld by direction of the auditor *234 contained in his certificate of allowance and by said direction credited to the disbursing account of Brigadier General Frederic Y. Abbot to reimburse the latter on account of a disallowance in his accounts by reason of an alleged overpayment theretofore made to the plaintiff. There is no question made as to the fact that for the service involved in this claim the plaintiff was entitled to said sum of $9,128.64.
Previous to this transaction the plaintiff had been employed by the United States, through duly authorized officers and by a contract in writing, to purchase for the Government and procure title to a certain desired tract of land much needed for fortification and other purposes, and in this contract his compensation was fixed at $6,000.00. Just after the consummation of the purchase the officer in charge reported the facts with reference to the matter and upon the ground that the plaintiff had, by reason of complications arising, performed, at the request of Government officers in charge, unanticipated and additional services which were very laborious to him as well as valuable to the Government on account of which it was his opinion that the plaintiff should be paid additional compensation, recommended that a supplemental contract should be entered into fixing his compensation at $10,000.00 instead of $6,000.00 as provided in the original contract. This recommendation was approved, 'a supplemental contract so providing was executed, approved by the Chief of Engineers and the Assistant Secretary of War and thereupon General Abbot, in his capacity as a disbursing officer, paid the plaintiff $10,000. When his accounts were submitted in due course to the auditor for examination the "auditor refused to allow him credit for more than $6,000.00 of this amount on the ground that all services required were included in the original contract and that the supplemental contract was void, and this disallowance as to the $4,000.00 was, on appeal, affirmed by the comptroller. It was to reimburse General Abbot on. account of this disallowance that the sum of $4,000.00 was withheld from the account allowed the plaintiff on his subsequent claim. The two contracts and other material facts are to be found in the findings.
*235 The petition upon its face is simply an action for $4,000.00 of an allowed account for services which was not paid. The other features of the case are to be regarded as the defense. In the submission of the case two questions are presented. First, the validity of the supplemental contract, and, second, the legality of the deduction from a subsequently allowed account, by direction of the auditor, of the $4,000.00 determined by him to have been illegally paid.
If, as to the first proposition, the transaction is to be strictly construed as presented and the supplemental contract relied upon as the authority for the payment on the ground that it created a legal liability, the conclusion, it would seem, must be adverse to the contention. Under the circumstances it is apparent that at an earlier stage of the matter a supplemental contract might well have been made restating the compensation in the light of the additional services then known to be required without which it might be assumed that the plaintiff would elect to abandon so laborious a task for inadequate compensation, but the supplemental contract was made after the consummation of the purchase and the completion of the service incident thereto and, as a contract, attempting by its terms to create a legal obligation, it must of necessity be held to be invalid.
But we do not find it necessary to rest the case and its determination on the two propositions thus presented. If, growing out of the facts which are before the court, both those averred in the petition and those presented by way of defense, there appears a substantial right on the part of the plaintiff to a recovery against the defendant it is entirely within the power of this court to adjudicate that right and express it conclusion by its judgment even though the conclusion be not predicated on the particular theory presented upon the trial of the case. The plaintiff, in form, seeks recovery of $4,000.00 conceded to be due and allowed to him but not paid. The defendant does not question the facts averred as to that particular account but says in substance that the plaintiff was overpaid on a former account and that upon both transactions there is nothing due him. The court not only has the power to determine whether upon these transactions as presented there is anything due the plaintiff, but it is its duty to determine it here rather than so to pro *236 ceed as to possibly multiply actions. The plaintiff’s petition is board enough, when taken in connection with the matters alleged in defense, to present the whole transaction and justify the adjudication of any right involved, the defendant is fully informed as to the claim it is called upon to defend, and if, upon consideration of the whole transaction, upon any pertinent theory, any favorable result should accrue therefrom to the plaintiff, the defendant would be afforded protection under the rule of res ad'judicata against any attempt to reassert the claim on any other theory.
The action taken by the accounting officers in this matter is not understood as reflecting in any manner on the good faith of all concerned, and there is no holding that $10,-000.00 was an excessive payment for the services rendered by the plaintiff. The two contracts were before the auditor as affording the basis for the payment, and, viewed as a claim predicated upon express contract, he simply held that all services necessary in the accomplishing of the desired result were covered by the original contract and that the supplemental contract was illegal and void. As to the latter holding we have already suggested a concurrence with the views of the auditor. As to the first proposition it may perhaps be admitted that upon a technical construction, predicated solely on the view that the original contract provided for the accomplishment of a certain result, which, in that view of it, was what the plaintiff did accomplish, he was again right, but there is a broader view of the matter, involving all the facts in the case, which justifies consideration.
While the plaintiff accomplished only that which he set out to accomplish under his original contract, there can be no doubt about the fact that in the accomplishment of that object he encountered conditions wholly unanticipated by either party, and because thereof rendered, at the request of officers of the United States in charge of the matter, and hence presumed to be duly authorized, valuable, laborious, and prolonged services which were clearly not within the contemplation of either party when the contract was made. It is said that whatever the difficulties, whether anticipated or not, they devolved upon him under his contract.
*237 However, it appears that after the plaintiff bad negotiated an option for the purchase of the real estate complications arose by reason of claims asserted by the city of New York to lands between low and high water, that legislation, was deemed necessary, and that during the pendency thereof further unanticipated complications arose by reason of criminations and recriminations between city officials and certain members of the legislature during which the governor’s influence was sought and a special message sent urging the passage of the bill, but after efforts extending over a period of more than three months the bill failed. What the course of the plaintiff might have been when, after securing the option, this situation arose we are not informed. He might have abandoned the project as requiring a service for which the compensation provided was not adequate. He might have allowed the legislation to take its own course, satisfied to reap the result if it finally passed. He might, since he demonstrated during the pendency of this matter that he was a very faithful servant, have followed up the legislation of his own accord. But the fact is that the legislative situation was an entirely unanticipated one, and he went to Albany to look after it at the special request of those in authority for-the United States. He put in much time there presenting the importance of the situation to members of the legislature and to the governor, made many trips between Albany and New York in that^behalf, permitted his own business to suffer in consequence thereof, and when the legislation failed took up with the governor the condemnation plan, rendered service in connection therewith, and as a final result obtained title for the Government at the price stipulated in the option he had secured before these complications arose.
From all the facts of the case it seems to us that he was in the attitude of having performed additional service, “ extra work ” it would be called in some classes of cases, not within the contemplation of the parties when the contract was made, at the special instance and request of authorized representatives of the United States, and that out of all the facts grew an implied contract to pay whatever the extra services thus rendered were reasonably worth.
*238 The officer in charge and his superiors thought this could be accomplished by making a supplemental contract, a procedure which, perhaps the plaintiff is entitled to have said was without his solicitation, and they proceeded by that method to accomplish what all in authority having to do with the matter, including the Secretary of War, approved as a mere "matter of justice, resulting even then, in the opinion of the contracting officer, in inadequate compensation. But while the method adopted can not be given approval, it seems to us that if those who, within their authority, first fixed his compensation, had no power to fix and pay the compensation to which they all regarded the plaintiff as entitled for the additional services requested of him, he had a right of action in this court for compensation for such additional services as upon an implied contract. That being the case, there is no reason, all the facts being before us, why we may not in this action award such relief as those facts justify without necessity for recourse to any different form of action. The facts are all with the plaintiff. No one having to do with the transaction has questioned the value of his services or the circumstances under which they were rendered. The objection raised was a matter of form.
This conclusion obviates the necessity for the consideration of any other question presented.
We therefore conclude that the plaintiff is entitled to recover and judgment is directed in his favor for $4,000.00.
Graham, Judge; Booth, Judge, and Campbell, Chief Justice, concur.
Hats, Judge, concurs in the result.